UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OVERLAND JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6683** |
| **QUEEN CITY CORP., ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is a Motion to Dismiss filed by Defendants Argonaut Insurance Company and Queen City Railroad Construction, Inc.[1]  R. Doc. 40.  Having reviewed the briefs and the applicable law, the Court now issues this Order & Reasons.

### I.     BACKGROUND

This case arose out of injuries allegedly sustained by Plaintiff Overland Jones ("Jones") while he was either employed by or working on the grounds of Defendants CSX Corporation ("CSX") and Queen City Railroad Construction, Inc. ("Queen City").  R. Doc. 1 at 1.  Plaintiff was awarded workman's compensation, but now seeks additional compensation for his alleged injuries.  R. Doc. 1 at 1.  Citing "La. tort laws and Fed. tort laws," Plaintiff seeks $2,000,000 in damages, court costs and legal expenses. R. Doc. 1 at 1.

Plaintiff's Complaint does not provide any other details of the incident, but Defendant Queen City has attached as exhibits to the pending motion a copy of both the 1998 Workers' Compensation settlement related to the injury as well as the prior lawsuit Plaintiff brought in 1998 in Orleans Parish Civil District Court, which was ultimately dismissed by the Plaintiff after the Workers' Compensation settlement.  R. Docs. 40-2, 40-3.  Plaintiff's 1998 petition alleges

---

[1] Defendant CSX Corporation has filed a Motion to Dismiss for Lack of Jurisdiction.  R. Doc. 50. Similarly, Defendant Halverson has filed a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a

1

that he was employed by Queen City as a railroad worker on March 12, 1997, when he sustained an injury after a crane operator lowered a railroad track onto his right hand. R. Doc. 40-3 at 1.

In the instant case, Plaintiff appears to invoke this Court's jurisdiction on the basis of diversity, although Plaintiff also checked the box for "Federal Question" jurisdiction on the complaint's Civil Cover Sheet. R. Doc. 1-1. Plaintiff addresses jurisdiction by stating that: (1) he is a resident of Louisiana; (2) Queen City is located in Tennessee; and (3) CSX is located in Florida. R. Doc. 1 at 1.

Plaintiff also states he is filing claims on the basis of "equitable tolling statutes." R. Doc. 1 at 4. Plaintiff claims he was misled by "all counsel involved," including being defrauded and misrepresented by his own, and that he signed waivers and releases he could not understand due to being under the influence of psychotropic medications. R. Doc. 1 at 4. Plaintiff also claims he was homeless and suffering from mental illness. R. Doc. 1 at 4. In essence, Plaintiff argues that his claims against Defendants should not be prescribed because of his prior mental incapacitation. R. Doc. 1 at 4.

Plaintiff filed an amended Complaint on January 4, 2016 adding numerous additional defendants, including Argonaut Insurance Company ("Argonaut"), Queen City's insurer, and various individuals who either worked for Defendants, served as counsel for the Plaintiff or Defendants, or were otherwise involved in the matter, including the staff of the state court involved in his earlier lawsuit.[2] R. Doc. 5 at 1-2.

---

Claim. R. Doc. 55. The Court finds that the arguments presented in these motions are identical to those presented in Argonaut's motion.

[2] Some of the named Defendants may not be competent parties. Attorney Gary Pendergast, for example, is deceased. While Plaintiff has sued Orleans Parish civil district court personnel, such as Clerk of Court Dale Atkins and at least one court reporter, it is not clear who "Judge Coroly Bill" might be referring to. It also does not appear that anyone with a name resembling "Lrenior Oeater" is the CEO of Queen City or that any attorney or firm named "J.C. Hooker" practices at 1515 Poydras Street in New Orleans.

## II. PRESENT MOTION

Before the Court is the Motion to Dismiss filed by Argonaut and Queen City, which asserts three defenses enumerated in Federal Rule of Civil Procedure 12(b): (1) lack of subject matter jurisdiction; (2) insufficient service of process; and (3) failure to state a claim upon which relief can be granted. R. Doc. 40.

### A. Lack of Subject Matter Jurisdiction

Defendants invoke FRCP 12(b)(1) and ask this Court to dismiss Plaintiff's case for lack of jurisdiction. While Plaintiff checked the "Federal Question" box on the Civil Cover Sheet, his Complaint does not assert any basis for federal question jurisdiction. R. Doc. 40-1 at 1. Plaintiff was injured while working at his job, which is not the basis of a civil action arising under the Constitution, laws, or treaties of the United States. R. Doc. 40-1 at 2. Plaintiff's claim is also not related to the areas of federal law which Congress has authorized federal district courts to hear. R. Doc. 40-1 at 2. Therefore, Defendants argue that this Court lacks federal question jurisdiction over Plaintiff's claim. R. Doc. 40-1 at 2.

Plaintiff's Complaint implies that he is invoking diversity jurisdiction because he lists the citizenship of three of the parties. R. Doc. 40-1 at 2. Defendants argue that the requirement of complete diversity of citizenship cannot be met because Plaintiff, a citizen of Louisiana, has named individual defendants in the Amended Complaint who are also citizens of Louisiana. R. Doc. 40-1 at 2. Defendants do not identify which defendant's citizenship destroys complete diversity, but Plaintiff's Amended Complaint does indicate that multiple defendants are residents of Louisiana. *See* R. Doc. 5.

### B. Insufficient Service of Process

Defendants also move to dismiss pursuant to FRCP 12(b)(5), claiming that they were not served in accordance with FRCP 4(h), which governs service of process for corporations. R.

3

Doc. 40-1 at 3. Defendant Queen City claims that it received a copy of the summons and the petition via certified mail at its Knoxville, TN address. R. Doc. 40-1 at 4. Queen City argues that service was improper because the copies were not delivered to an officer, a managing or general agent, or any other authorized agent pursuant to Rule 4(h), nor was service made on Queen City's registered agent according to Rule 4(e) and La. C.C.P. art. 1261. R. Doc. 40-1 at 4. Defendant Argonaut likewise argues that service was improper because it was not served in accordance with Rule 4. R. Doc. 40-1 at 5.

### C. Failure to State a Claim

Defendants claim that Plaintiff's Complaint does not state factual allegations sufficient to provide the grounds for any entitlement to legal relief. R. Doc. 40-1 at 5. Defendants point out that the Complaint lacks any facts about the identity of Plaintiff's employer, when the injury occurred, or the nature of the injury. R. Doc. 40-1 at 7. Defendants argue that a mere allegation that the Plaintiff was injured at some past date on the job is insufficient and requires a dismissal pursuant to Rule 12(b)(6). R. Doc. 40-1 at 7.

Additionally, Defendants contend that the Complaint should be dismissed on res judicata grounds because Plaintiff acknowledges that he received workers' compensation benefits for his injury and that there was a prior lawsuit related to the incident. R. Doc. 40-1 at 7. While the res judicata defense is typically appropriate at the summary judgment stage rather than in a 12(b)(6) motion, Defendants claim that the exception to the general rule is met here because the issue of res judicata is apparent on the face of the Complaint, which references both the receipt of workers' compensation benefits as well as Plaintiff's prior "civil court" case. R. Doc. 40-1 at 8. Defendants also argue that Plaintiff's Complaint is clearly prescribed and should be dismissed. R. Doc. 40-1 at 9.

In support of these arguments, Defendants have attached two prior Orders of Dismissal

from 1998 as exhibits to the motion. Exhibit A, from the Louisiana Office of Workers' Compensation, includes a copy of Plaintiff's previously filed Disputed Claim for Compensation Form 1008, the signed Order approving the settlement of Plaintiff's workers' compensation claim, the signed Order dismissing the same, with prejudice, and an executed Receipt & Release. R. Doc. 40-2. Exhibit B includes a copy of Plaintiff's Petition for Damages filed in Orleans Parish Civil District Court as well as the signed Order dismissing Plaintiff's referenced "Civil Court" case as to Queen City and Argonaut, with prejudice. R. Doc. 40-3.

### D. Jones's Opposition

In his Opposition, Jones fails to address the grounds for Defendants' Motions to Dismiss. R. Doc. 45. Jones's Response provides a description of the accident, but even when liberally construed the Response does not directly address the asserted Rule 12(b) grounds for dismissal. R. Doc. 45 at 2–4.

Jones fails to allege facts in support of a finding of diversity. Jones brings minimal facts which may raise a federal question. He claims that the accident occurred on federal property, and alludes that some unconstitutional event occurred. R. Doc. 45 at 2–3. But the grounds for federal question jurisdiction are not clear. Jones also fails to address the propriety of service, or to confront Defendants' res judicata argument.

### E. Defendants' Reply

Defendants timely reply. R. Doc. 53. Defendants repeat the arguments in their Motion to Dismiss, emphasizing the gaps in Jones's unfocused Opposition.

### III. LAW AND ANALYSIS

#### A. Applicable Law

Jones proceeds *pro se*, so his filings must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The following law must be applied with Jones's *pro se* status in mind.

       i. Rule 12(b)(1)

Plaintiff's Complaint appears to invoke diversity jurisdiction. Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2012).

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. A court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when subject matter jurisdiction is lacking. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). A court reviewing subject matter jurisdiction pursuant to Rule 12(b)(1) may base its opinion on the face of the complaint, "the complaint supplemented by undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted). A district court evaluating subject matter jurisdiction "must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing

*Williamson*, 645 F.2d at 413).

>    ii. Rule 12(b)(5)

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows parties to assert the defense of insufficient service of process by motion.  "When service of process is challenged, the serving party bears the burden of proving its validity or good cause" for failing properly to effect service. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)).

Federal Rule of Civil Procedure 4(h) provides that service of a corporation can be achieved by either 1) delivering a copy of the summons to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process, or 2) by following the method for serving an individual laid out in Rule 4(e)(1) that requires following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Louisiana Code of Civil Procedure article 1261 governs service of either domestic or foreign corporations within Louisiana and provides that service is to be made by personal service on any of its agents for service of process.  If personal service on an agent is not possible, after due diligence, or if the corporation has not designated an agent or there is no designated agent by reason of death, removal, or resignation, service may also be accomplished:

> (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state. (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted. (3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.

La. C.C.P. art. 1261(B).

iii. Rule 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Additionally, the doctrine of res judicata bars the litigation of claims that were previously litigated or could have been raised in an earlier suit. *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983). "Generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir. 2005). However, dismissal may be appropriate on res judicata grounds if it is apparent on the face of the pleadings. *Murry v. Gen. Servs. Admin.*, 553 Fed. Appx. 362, 364 (5th Cir. 2014). "The four elements of res judicata are whether: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of

8

competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

### B. DISCUSSION

Upon review of the Complaint and the undisputed facts, the Court finds that Jones fails to plead facts sufficient for this Court to find either diversity of citizenship or federal question jurisdiction. The Court will address each in turn.

#### i. Diversity Jurisdiction

The face of the Amended Complaint undercuts Jones's assertion of diversity jurisdiction. To qualify for diversity jurisdiction, all plaintiffs must have citizenship different from all defendants. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 582 (2005). In his Amended Complaint, Jones asserts claims against numerous parties currently residing in the state of Louisiana. R. Doc. 5 at 1–4. These parties include local clerks, attorneys, court reporters, and one judge. R. Doc. 5 at 1–2. Place of residency does not prove domicile, so it is possible that diversity may exist even on these facts. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). However, the burden is on the party asserting subject matter jurisdiction, and Jones completely fails to address the issue. *See Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010) (internal citations omitted). Even liberally construed, the Court cannot find diversity of citizenship among this cast of New Orleans characters.

#### ii. Federal Question Jurisdiction

Jones also fails to plead a federal question pursuant to 28 U.S.C. § 1331 (2012). Jones's Civil Cover Sheet indicates that he asserts a federal question, R. Doc. 1-1, but his Complaint and Amended Complaint both fail to assert a cognizable claim under federal law. Jones asserts that he is seeking personal injury damages based on both Louisiana and federal tort law, but he provides no evidence supporting a finding that the alleged tort is federal in character in his

Complaint. R. Doc. 1 at 1. Jones pleads that he was awarded workers' compensation in civil court, but that he was not given money for his personal injuries. R. Doc. 5 at 1. Even construed liberally, this allegation does not state a claim which arises under the Constitution, laws, or treaties of the United States. R. Doc. 1 at 1.

The location of Jones's injury also suggests that this action is not federal in character. Jones pleads in his Complaint that he was disabled on C.S.X. grounds. R. Doc. 1 at 2. As its name implies, C.S.X. Corporation is a private entity. In his Opposition, Jones attempts to reclassify the location of his injury as federal property, stating that he was injured on "government private property" and "federal grounds." R. Doc. 45 at 2. Even if liberally construed for a *pro se* Plaintiff, this information is insufficient for the Court to find subject matter jurisdiction outside of the Complaint. Jones provides no address of the CSX project. Further, Jones's account is inconsistent—he asserted that the accident occurred on "C.S.X. Grounds," "government private property," and "federal grounds." R. Doc 1 at 2; R. Doc. 45 at 2. Jones carries the burden of proving a federal question, and he fails to plead sufficient facts for the Court to find that the injury occurred on federal property. *See Ramming*, 281 F.3d at 161.

At best, Jones's Complaint and Opposition suggests that he was compensated for a personal injury through Louisiana's workers' compensation program, but that some element of his damages remain unaddressed. Without more, the Court cannot find that this scenario presents a federal question.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Argonaut's Motion to Dismiss, R. Doc. 40, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant CSX's Motion to Dismiss, R. Doc. 50, and Defendant Halverson's Motion to Dismiss, R. Docs. 50, 55, are hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana this 18th day of April, 2016.

                                      UNITED STATES DISTRICT JUDGE